UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

BARRY R. PAUL, on his own behalf and on behalf
of others similarly situated, BRENDA L. PAUL, on
her own behalf and on behalf of others similarly
situated,

      Plaintiff,

-vs-                Case No. 2:10-cv-653-FtM-36SPC

FIRST AMERICAN HOME BUYERS
PROTECTION CORPORATION,

      Defendant.
_____

**ORDER**

    This matter comes before the Court on the Plaintiffs, Barry R. And Brenda L. Paul's Motion for Extension of Time to File a Motion for Class Certification (Doc. #51) filed on February 18, 2011. Additionally, the Court will review the Defendant First American Home Buyers Protection Corporation's Notice of Filing the Defendant's Proposed Case Management Order (Doc. # 40) filed on January 14, 2011, and the Plaintiffs Barry R. and Brenda L. Paul's Report of the Parties Planning Meeting (Doc. #41) filed on January 14, 2011.

    Regarding the Motion for an extension of time to file a Motion for Class Certification, the Plaintiffs state that they failed to file the Motion in a timely manner because of an extension of time to conduct class discovery granted by the Court in December of 2010. The Plaintiffs stated that they believed the enlargement of time also applied to the Motion for Class Certification. Because it was not clear in their Motion, the Plaintiff now moves the Court for an enlargement of time to file their Motion for Class Certification. Given the circumstances surrounding the Plaintiff's confusion

regarding the time frame to file the Motion, the Court finds good cause to grant the extension of time. The Defendant filed its Response to the Motion (Doc. # 53) on February 22, 2011. In its Response, the Defendant states that it does not oppose the extension of time.

Regarding the Parties discovery disputes, a case management conference was held on December 14, 2010. During the case management conference, the Parties presented fundamentally different proposals for the case's discovery plan. The Parties principle disagreement pertains to the structure of the discovery plan with the Defendants desiring a three (3) stage discovery process and the Plaintiffs seeking a two (2) stage process. Specifically, the Plaintiffs seek a two (2) stage discovery, the first stage having to do with class discovery with the second stage being merits based discovery. The Defendant's three (3) stage discovery would allow for an initial special discovery period, then class discovery, and the final stage merits based discovery.

The disagreement prevented the Parties from agreeing on and filing a timely Case Management Report. On January 27, 2011, the District Court referred the issue to the undersigned to hold a hearing to resolve the conflict. The hearing was held before the undersigned on February 18, 2011. The Plaintiff was represented by Courtney Peinhardt, Esq. and the Defendant was represented by Gregory Kehoe, Esq. and Michael Stanton, Esq. The Court heard argument regarding the pending discovery issues, class certification and the entry of a Case Management and Scheduling Order.

The Plaintiffs allege the Defendant violated Section 8 of the Real Estate Settlement Procedures Act, 12 U.S.C. § 2607 (RESPA), by giving fees to real estate brokers throughout the United States in return for the brokers encouraging new home buyers to purchase a home warranty service from the Defendant, American Home Protection. Thus, the Pauls assert that a portion of the

costs and charges they paid at closing went back to the real estate agent or broker in exchange for referring the home warranty from American Home.

The Defendant asserts that no part of the Plaintiffs' closing fees or charges were given to the Plaintiffs' real estate agent or broker. Thus, the Defendant argues the factual dispute is dispositive of the case and that discovery should be allowed into the issue before class discovery or merit based discovery on the class is initiated. The Plaintiff responds that even if the Defendant's allegation regarding the Pauls–that they do not fit into the alleged class– turns out to be true, then classwide discovery would allow them to find another plaintiff to represent the class.

The Plaintiffs' argument is without merit. The Plaintiffs' request to conduct class discovery in hopes of uncovering a potential plaintiff that actually fits into the parameters of the class action claim is nothing more than an unwarranted fishing expedition. Therefore, the Court finds good cause to allow the Defendant's request for special discovery into whether or not any portion of the Pauls' closing fees or costs were paid to the Pauls' real estate agent or broker in return for referring the Defendant's home warranty products or services.

Accordingly, it is now

**ORDERED:**

(1) The Plaintiffs, Barry R. And Brenda L. Paul's Motion for Extension of Time to File a Motion for Class Certification (Doc. #51) is **GRANTED**. The Plaintiffs have up to and including **Wednesday, March 9, 2011**, to file their Motion for Class Certification in compliance with M.D. Fla. Local Rule 4.04.

(2) Furthermore, the Court will allow a special limited discovery period up to and including **Monday, May 23, 2011**. Each Party is allowed the following discovery:

(a) Fifteen (15) Interrogatories;

(b) Fifteen (15) Requests for Production;

(c) Thirty (30) Requests for Admissions;

(d) Four (4) Depositions.

(3) After the Close of Discovery, the Defendant will have up to and including **Monday, June 13, 2011**, to file its Motion for Summary Judgment.

(4) The Plaintiffs will have up to and including **Friday, June 24, 2011**, to file their Response in Opposition to the Motion for Summary Judgment.

(5) Should the Court find in Favor of the Plaintiffs on the Motion for Summary Judgment, the Parties will at that time advise the Court regarding the filing of a case management report and the plan for the remaining class and merit discovery.

**DONE AND ORDERED** at Fort Myers, Florida, this ___24th___ day of February, 2011.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record

-4-